UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SEAMUS MCDERMOTT,

                 Plaintiff,

        -against-

KILOLO KIJAKAZI, ACTING COMMISSIONER OF
SOCIAL SECURITY[1],

                 Defendant.
----------------------------------------------------------X

For Online Publication Only

**MEMORANDUM &
ORDER**
18-CV-2378 (JMA)

FILED
CLERK

5/31/2022 12:07 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge**:

      Plaintiff Seamus McDermott (the "Plaintiff" or the "Claimant") filed this appeal challenging a final determination by the Defendant, the Commissioner of the Social Security Administration (the "Defendant" or the "Commissioner"), that he was ineligible to receive Social Security disability benefits.

      Presently before the Court are the parties' cross-motions, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c) for a judgment on the pleadings. For the reasons that follow, the Court grants the Plaintiff's motion, denies the Defendant's cross-motion, and remands the case for further proceedings.

## I. BACKGROUND

      Plaintiff, who was born in 1968, initially applied for disability benefits in 2011, alleging a disability onset date of December 1, 2008. See McDermott v. Colvin, No. 14-CV-2747 (E.D.N.Y.). A hearing was held before an ALJ on May 2, 2012, and on June 15, 2012, the ALJ determined that Plaintiff was not disabled. On August 19, 2013, the Appeals Council denied

---

[1] Plaintiff commenced this action against Andrew Saul, the former Commissioner of Social Security. Kilolo Kijakazi became the Acting Commissioner on July 9, 2021 and is hereby substituted as the named defendant in this action. Fed. R. Civ. P. 25(d).

1

Plaintiff's request for review. Plaintiff then unsuccessfully appealed that determination in district court. (Id.)

In May and July 2014, Plaintiff filed the instant applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") due to seizures, migraines, depression, and anxiety. After Plaintiff's applications were denied in August 2014, Plaintiff appeared with an attorney before Administrative Law Judge Andrew S. Weiss ("ALJ Weiss") on September 21, 2016. While Plaintiff's current claims originally alleged a disability onset date of June 1, 2011, at the hearing, his attorney amended the alleged disability onset date to October 17, 2013.

In a decision dated October 20, 2016, ALJ Weiss found Plaintiff not disabled. On January 24, 2018, the Appeals Council denied Plaintiff's request for review. Plaintiff submitted certain new evidence to the Appeals Council, which found that this new evidence did not relate to the time period at issue, which ended on October 20, 2016, the date of ALJ Weiss's decision.

## II. DISCUSSION

### A. Standard of Review

In reviewing a denial of disability benefits by the Social Security Administration ("SSA"), the role of the district court is not to review the record de novo, but instead to determine whether the ALJ's conclusions "'are supported by substantial evidence in the record as a whole, or are based on an erroneous legal standard.'" Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Beauvoir v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "'To determine whether the findings are supported by

2

substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  Thus, the Court will not look at the record in "isolation but rather will view it in light of other evidence that detracts from it." State of New York ex rel. Bodnar v. Sec'y of Health and Human Servs., 903 F.2d 122, 126 (2d Cir. 1990).  An ALJ's decision is sufficient if it is supported by "adequate findings . . . having rational probative force." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  See also Shalala v. Schaefer, 509 U.S. 292, 296–97 & n.1 (1993).  The "reviewing court will order remand for further proceedings when the Commissioner failed to provide a full and fair hearing, made insufficient findings, or incorrectly applied the applicable laws and regulations." Kessler v. Comm'r of Soc. Sec., No. 17-CV-4264, 2020 WL 1234199, at *5 (E.D.N.Y. Mar. 13, 2020) (citing Rosa v. Callahan, 168 F.3d 72, 82–83 (2d Cir. 1999)).

**B. Social Security Disability Standard**

The Social Security Act defines the term "disability" to mean an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A person may only be disabled if his "impairments are of such severity that he is not only unable to do his

3

previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A).

The Commissioner's regulations set out a five-step sequential analysis by which an ALJ determines disability. 20 C.F.R. § 404.1520; see Rosa, 168 F.3d at 77. In this analysis, a claimant will be found disabled if the Commissioner determines:

> (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

Burgess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2006) (second alteration in original) (quoting Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003)). As part of the fourth step, the Commissioner determines the claimant's residual functional capacity ("RFC") before deciding if the claimant can continue in his or her prior type of work. 20 C.F.R. § 404.1520(a)(4)(iv). The claimant bears the burden at the first four steps, but at step five, the Commissioner must demonstrate "there is work in the national economy that the claimant can do." See Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam); see also Campbell v. Astrue, No. 12-CV-5051, 2015 WL 1650942, at *7 (E.D.N.Y. Apr. 13, 2015) (citing Melville v. Apfel, 198 F.3d 45, 51 (2d Cir. 1999)).

Under the treating physician rule, the opinion of a claimant's treating physician as to the nature and severity of the claimant's impairments is given "controlling weight" so long as it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." Green-Younger, 335 F.3d at 106 (quoting 20 C.F.R. § 404.1527(d)(2)); Bonneau v. Astrue, No. 5:13-CV-26, 2014 WL 31301, at *5 (D. Vt. Jan. 3, 2014) (same).

Where the Commissioner determines that the opinion of a treating physician should not receive controlling weight, she must "give good reasons in [the] notice of determination or decision for the weight [she] gives [the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(c)(2); see Manfra v. Colvin, No. 15-CV-2844, 2016 WL 4434820, at *13 (E.D.N.Y. Aug. 22, 2016); Perez v. Astrue, No. 07-CV-958, 2009 WL 2496585, at *8 (E.D.N.Y. Aug. 14, 2009). An ALJ's failure "to provide good reasons for not crediting the opinion of a claimant's treating physician is ground for a remand." Snell, 177 F.3d at 134 (internal quotation marks omitted).

When a treating physician's opinion is not given controlling weight, the ALJ should "comprehensively set forth reasons for the weight assigned" to that opinion, considering the factors identified in the relevant regulations. Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004); see also 20 C.F.R. §§ 404.1527(c), 416.927(c). "These same factors are considered when evaluating other medical opinion evidence." Hernandez v. Saul, No. 18-CV-832, 2019 WL 4805211, at *3 (E.D.N.Y. Sept. 30, 2019).

## C. Analysis

### 1. Plaintiff's Arguments

Plaintiff argues that remand is warranted because the Appeals Council failed to consider new and material evidence. Additionally, Plaintiff raises four challenges to ALJ Weiss's decision, arguing that:

> (1) ALJ Weiss violated the treating physician rule and failed to properly evaluate the medical opinion evidence when he: (i) gave "considerable weight" to the opinion of Dr. C. Anderson, a non-examining state-agency medical consultant who opined on Plaintiff's mental limitations after reviewing some, but not all, of the medical records; and (ii) gave "very little weight" to the opinion of Plaintiff's treating psychiatrist, Dr. Syedqambar Naqvi and the opinion of the consultative psychiatric examiner, Dr. Kathleen Acer;
>
> (2) the ALJ violated the treating physician rule and failed to properly evaluate the medical opinion evidence when he: (i) failed to specify the weight he was

5

according to the non-examining medical expert, Dr. Gerald Galst, who testified at the hearing about the medical record and Plaintiff's physical limitations; (ii) relied on Dr. Galst's opinion even though Dr. Galst erroneously stated that Plaintiff's last seizure was in July 2013 and ignored evidence of subsequent seizures, including a seizure in January 2015;

(3) the ALJ erred in discounting the opinions from Plaintiff's treating physicians and the consultative examiners who examined him and instead relied on his own interpretation of the medical records and the flawed opinions of Dr. Anderson, the non-examining state agency medical consultant, and Dr. Galst, the non-examining medical expert;

(4) the ALJ erred, in various ways, in evaluating Plaintiff's credibility.

## 2. The ALJ's Flawed Analysis of Dr. Galt's Opinion and Characterization of the Evidence Concerning Plaintiff's Alleged Seizures After 2013 Warrants Remand

The Court finds that the ALJ's analysis of Dr. Galst's opinion and characterization of the record were flawed and warrant remand.

First, although ALJ Weiss clearly relied on Dr. Galst's opinion, ALJ Weiss never assigned any specific weight to that opinion. On remand, the ALJ should explicitly identify the weight that has been accorded to Dr. Galst's opinion.

Second, and more importantly, both Dr. Galst and ALJ Weiss appear to have overlooked a potentially important piece of evidence in the record concerning the date of Plaintiff's last seizure. Both the ALJ and Dr. Galst erroneously indicated that Plaintiff's last seizure was in July 2013. However, as the government concedes, there are records indicating that "[o]n January 16, 2015, Plaintiff was treated for a seizure in the emergency room at Brookhaven Memorial Hospital Medical Center." (Gov't Mem. at 10 (citing Tr. 74, 404–05)). This seizure occurred a few months after two aneurysms were revealed during an MRI examination. (Tr. 368, 400–01.)  Although Plaintiff's counsel pointed to the hospital records concerning this January 2015 seizure during the September 2016 hearing, (Tr. 74), both ALJ Weiss and Dr. Galst do not appear to have considered those records. Dr. Galst erroneously stated that Plaintiff's most recent seizure was in July 2013.

6

(Tr. 70–71).  Similarly, ALJ Weiss, who relied on Dr. Galst's opinion, stressed that "there is no evidence of any seizures since the amended alleged onset date of October 17, 2013."[2]  (Tr. 27; see also Tr. 25–26.)  These errors warrant remand.

"When an ALJ misreads a critical piece of evidence in the record, and then relies on his error in reaching his opinion, the opinion cannot be said to be supported by 'substantial evidence.'" Joseph v. Astrue, No. 06-CV-1356, 2007 WL 5035942, at *5 (S.D.N.Y. Dec. 28, 2007), R&R adopted, 2008 WL 850158 (S.D.N.Y. Mar. 20, 2008).  "[I]n some cases where the ALJ bases his decision on a misinterpretation of the evidence, remand may be warranted to afford the ALJ with an opportunity to re-evaluate the plaintiff's claim in light of what the evidence actually reveals." Id.

The government asserts that Dr. Galst's failure to acknowledge the records concerning the January 2015 seizure was harmless.  The Court disagrees given the importance of the seizure issues to this case and the ALJ's reliance on Dr. Galst's opinion.

On remand, the Commissioner should explicitly address the records referencing a January 16, 2015 seizure and Dr. Galst's failure to consider this seizure in formulating his opinion. Additionally, the Commissioner should either:  (1) recall Dr. Galst to explicitly consider and address the January 2015 seizure (and any other relevant evidence concerning seizures discussed herein); or (2) have a new medical expert testify after reviewing the entire record.

In addition to the records concerning the January 16, 2015 seizure, there is also evidence in the record that Plaintiff experienced two other seizures after July 2013.  An April 28, 2016

---

[2] At various points, ALJ Weiss also misstated the date of Plaintiff's July 2013 seizure, which ALJ Weiss apparently believed was Plaintiff's most recent seizure.  (See Tr. 24 (stating that seizure occurred in July 2013, but also referencing 2012 in the same sentence); Tr. 27 (stating, at different points, that Plaintiff's last seizure occurred in July 2012, July 2013, and 2014).)  This apparent confusion over this potentially important date is a further reason to remand the case.

7

progress note from Plaintiff's psychiatrist, Dr. Naqvi, indicates that Plaintiff had a seizure on April 13, 2016 and was hospitalized.[3]  (Tr. 383.)  The ALJ's decision did not explicitly address this record and reported seizure.  On remand, this record should be addressed.[4]  Additionally, at the September 2016 hearing, Plaintiff testified that he experienced a seizure a week before the hearing.  (Tr. 63.)  There appear to be no medical records that corroborate this alleged seizure.  ALJ Weiss's decision implies that he did not credit Plaintiff's uncorroborated testimony concerning this seizure.  As this case is already being remanded on other grounds, the ALJ should explicitly address this aspect of Plaintiff's testimony on remand.

Upon remand, the Commissioner must consider all the relevant evidence in the record.  Based on all the relevant evidence, the Commissioner must determine the proper weight to be accorded to each of the medical opinions in the record, including Dr. Galst's current opinion and any additional opinions that may be obtained on remand.

While Plaintiff asserts that this case should be remanded solely for the calculation of benefits, the Court denies that request.  As the record currently stands, it does not provide such persuasive evidence of Plaintiff's disability that further administrative proceedings are pointless.  See Williams v. Apfel, 204 F.3d 48, 50 (2d Cir. 2000) (directing remand for further proceedings where the record was not sufficiently complete or persuasive with respect to the Plaintiff's disability).  While the evidence in the record concerning post-2013 seizures that was overlooked by both ALJ Weiss and Dr. Galst could, conceivably, lead the Commissioner to reach a different conclusion, such a conclusion is not required based on this record.  Even if Plaintiff did suffer one

---

[3] Plaintiff's motion papers assert that Plaintiff was also hospitalized on July 15, 2015. (Pl.'s Mem. at 23.)  However, none of the record citations provided by Plaintiff support this assertion.

[4] The current record does not contain any documentation from the hospital concerning this alleged seizure and hospitalization.  As this case is already being remanded, the ALJ is directed to seek any records for this alleged hospitalization.

8

to three additional seizures between July 2013 and the fall of 2016, that would not necessarily mandate a different RFC determination on remand. Notably, as ALJ Weiss observed, Dr. Raza—who is Plaintiff's treating neurologist—issued a letter dated June 15, 2014 in which Dr. Raza stated that "[d]ue to history of seizures, I recommend [Plaintiff] should not apply for work which requires climbing ladders and working on heavy machinery." (Tr. 349.) This letter, along with other evidence in the record, suggest that Plaintiff had a RFC that would allow him to perform other types of work.

Plaintiff has also requested that this case be reassigned to a different ALJ on remand. That request is also denied. The record here does not indicate that ALJ's Weiss's actions and determinations warrant reassignment to a different ALJ. See Sutherland v. Barnhart, 322 F. Supp. 2d 282, 292–93 (E.D.N.Y. 2004) (remanding to a different ALJ because the ALJ's conduct gave rise to serious concerns about the fundamental fairness of the review process).

**3. Plaintiff's Other Arguments**

As the Court is remanding the case concerning the issues above, it is unnecessary to rule on Plaintiff's additional arguments concerning other alleged flaws in the decisions of ALJ Weiss and the Appeal Council. Nevertheless, the Court will briefly address some of the points raised by Plaintiff in order to provide some additional guidance to the ALJ on remand.

*i. Plaintiff's Credibility and Statements About His Symptoms*

The Court will not rule on Plaintiff's arguments concerning the ALJ's credibility determination because that credibility determination could conceivably change in light of the Commissioner's reassessment of the medical opinions and medical evidence. The Court encourages the Commissioner, when discussing Plaintiff's credibility on remand, to: (1) specifically address Plaintiff's work history, 2007 surgery, and all the relevant factors in 20 C.F.R.

9

§ 404.1529(c)(3); and (2) to make more detailed findings concerning Plaintiff's credibility and Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms.  (See Tr. 27.)

    *ii. Mental Impairments*

  Plaintiff argues that ALJ Weiss also erred in evaluating the opinion evidence concerning Plaintiff's alleged mental impairments, including his alleged depression, anxiety, and panic attacks.  The Court will not rule on these arguments because Plaintiff's alleged mental impairments may be related, in some fashion, to Plaintiff's seizure disorder and, as such, the Commissioner's evaluation of the evidence concerning any seizures that occurred after July 2013 might conceivably change the Commissioner's evaluation of the evidence concerning Plaintiff's alleged mental impairments.  On remand, the Commissioner should address Plaintiff's alleged mental impairments in light of all the evidence in the record.

  The Court notes that, in challenging ALJ Weiss's analysis of Plaintiff's alleged mental impairments, Plaintiff maintains that ALJ Weiss erred in giving Dr. Anderson's August 26, 2014 opinion "considerable weight" because, inter alia, Dr. Anderson did not review any of the medical records that post-dated his August 26, 2014 opinion, which was issued two years before the September 2016 hearing.  Dr. Anderson also did not review two progress notes from Dr. Naqvi from July and August 2014.  (Tr. 362–63.)  While the Court declines to rule on this argument given the other points above, the Court notes that the records that were not before Dr. Anderson appear to contain observations that are largely similar to the observations contained in the earlier records that Dr. Anderson did review.  On remand, the Commissioner should, in weighing Dr. Anderson's opinion, specifically address the fact that Dr. Anderson did not review the medical records noted above.

Finally, because the Commissioner will presumably address Plaintiff's alleged physical and mental impairments through the date of the ALJ's new decision,[5] it may be helpful for the Commissioner to have a medical expert review all of the relevant records concerning Plaintiff's alleged mental impairments.

### iii. New Evidence Submitted to the Appeals Council

Plaintiff argues that the Appeals Council erred in refusing to consider new evidence that Plaintiff submitted after the hearing was held. This new evidence largely focuses on additional seizures that occurred after October 20, 2016, the date of the ALJ Weiss's decision. One new record from Dr. Raza does note that Plaintiff has a history of "EPILEPSY RELATED TO CRANITOMY FOR ANEURYSMS." (Tr. 40.) This notation may have some relevance to the period prior to October 20, 2016. As this case is already being remanded on other grounds, the Commissioner should, on remand, consider this evidence to the extent it has any relevance to that time period.

Furthermore, because the Commissioner will presumably address Plaintiff's alleged physical and mental impairments through the date of the ALJ's new decision, the Commissioner should consider Plaintiff's new evidence to the extent it has any relevance to the time period that is covered by the ALJ's new decision.

**4. Other Considerations**

As the Court is already remanding this case, the Court notes two additional points that the Commissioner should also address on remand.

---

[5] See Administrative Law Judge Decisions in Court Remand Cases, SOCIAL SECURITY ADMINISTRATION, HEARING APPEALS & LITIG. LAW MANUAL, at § I–2–8–18, 1993 WL 643058 (S.S.A.2006).

First, Plaintiff's briefing notes that Plaintiff's anti-seizure medication can cause drowsiness. At the hearing, Plaintiff also stated that this medication made him drowsy and prevented him from working other jobs. (Tr. 65.) However, Dr. Raza's treatment notes do not appear to document any reports from Plaintiff about this potential side effect or contain any reports of "decreased activity," "fatigue," "lethargy," or "malaise." (See, e.g., Tr. 326.) ALJ Weiss did not specifically address any of this evidence and testimony. Upon remand, the Commissioner should explicitly address this issue.

Second, the record suggests that, in speaking with Dr. Naqvi and Dr. Acer, Plaintiff may not have accurately reported a history of alcohol use/abuse or his history of being treated by a psychiatrist. During Dr. Naqvi's September 17, 2013 psychiatric evaluation of Plaintiff, Plaintiff apparently "denied" a history of alcohol and drug use. (Tr. 320.) Similarly, when Plaintiff was seen by Dr. Acer for a consultative psychiatric evaluation, he reported no history of alcohol and drug use. (Tr. 351.) Furthermore, while Dr. Acer's evaluation indicates that Plaintiff had seen a psychiatrist monthly "for the past three years," (Tr. 351), it appears that Plaintiff only began seeing Dr. Naqvi in September 2013. The Commissioner should also address these issues on remand.[6]

---

[6] Plaintiff had a prior disability claim which was denied by a different ALJ in June 2012. Plaintiff unsuccessfully appealed that denial in district court. The administrative record for Plaintiff's prior disability claim—which was not incorporated into the record for Plaintiff's current disability claims—may contain some information that is relevant to Plaintiff's current disability claims. (See First Disability Claim Tr. 25, 51–52 (discussing history of alcohol use), McDermott v. Colvin, No. 14-CV2747, ECF No. 19.) The Court leaves it to the discretion of the Commissioner, on remand, to determine whether and to what extent it may be appropriate to consider any evidence that was part of the administrative record for Plaintiff's prior disability claim.

12

### III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Rule 12(c) motion and denies the Defendant's Rule 12(c) cross-motion. The Court remands the case for further proceedings consistent with this opinion. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: May 31, 2022
      Central Islip, New York

                                                /s/  (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE